**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**REBECCA GROSS, individually and**            **PLAINTIFF**
**on behalf of others similarly situated**

**v.**          **CASE NO. 4:19-CV-00355-BSM**

**MOLEX, LLC**          **DEFENDANT**

<u>**ORDER**</u>

The parties' joint motion for preliminary approval of the settlement [Doc. No. 13] is granted. Accordingly, the class is certified for settlement purposes, and plaintiff's counsel is appointed as class counsel. The settlement agreement is preliminarily approved, but it is subject to a fairness hearing, which shall be held on March 5, 2021 at 1:30 p.m., in Courtroom 2D of the Richard Sheppard Arnold United States Courthouse.

I. BACKGROUND

Rebecca Gross worked for Molex, a electronics manufacturer, as an hourly-paid employee. Compl. ¶¶ 13–18. She alleges that she and other hourly-paid employees were denied pay because Molex's time-rounding payroll system did not account for all hours worked. *Id*. ¶¶ 29–30. She also alleges that hourly-paid employees received non-discretionary cash bonuses when certain criteria were met, but that Molex did not include such bonuses in calculating employees' appropriate overtime rates. *Id*. ¶¶ 32–36. Gross argues that Molex's actions violated the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA").

After investigating the claims, and in order to save litigation expenses, the parties

jointly move for certification of a settlement class of hourly-paid Molex employees, as well as preliminary approval of a settlement agreement.  Br. Mot. Prelim. Approval at 2, Doc. No. 14.

## II. DISCUSSION

A.    <u>Class Certification</u>

The proposed class is certified for settlement purposes because it meets the numerosity, commonality, typicality, and adequacy requirements of Federal Rule of Civil Procedure 23.

The numerosity requirement is met because there are approximately 560 members of the class, all of whom worked for Molex in Arkansas between May 2017 and September 2019.  Br. Mot. Prelim. Approval at 8.  *See Lockwood Motors v. Gen. Motors Corp.*, 162 F.R.D. 569, 574 (D. Minn. July 5, 1995) (class of 440 members satisfied numerosity).

The commonality requirement is met.  This is because the parties indicate that the issue of whether Molex's time-rounding practices complied with the FLSA and AMWA is common to all class members.  Br. Mot. Approval at 8.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (commonality present where common questions of law can be resolved "in one stroke").

The parties also state that Molex's practice of time-rounding was applied to all proposed settlement class members, satisfying the typicality requirement of Rule 23.  Br. Mot. Approval at 9.  *See Alpen v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996)

(typicality present when representative claims arise from same alleged conduct as class claims).

Lastly, the adequacy requirement is met. This is because Gross's interest in receiving pay that Molex allegedly denied her aligns with the interests of the rest of the settlement class. Further, her counsel is experienced in FLSA and AMWA litigation. Br. Mot. Approval at 9–10. *See Bishop v. Comm. Prof'l Ethics*, 686 F.2d 1278, 1288 (8th Cir. 1982).

B.    Preliminary Settlement Approval

A settlement of a class action requires court approval, which may be given "only after a hearing and only on finding that [the settlement] is fair, reasonable, and adequate . . . ." Fed. R. Civ. P. 23(e)(2). There are two stages to the approval process. *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. Oct. 29, 2013). First, "the parties submit the proposed settlement to the Court, which must make a preliminary fairness evaluation." *Id.* If preliminary approval is given, notice must be provided to the class members "in order to afford them an opportunity to be heard on, object to, and opt out of the settlement." *Id.* (citing Fed. R. Civ. P. 23(c)(3), (e)(1), (e)(5)).

For the purposes of preliminary approval, the focus is whether "the settlement is within the range of possible approval due to an absence of any glaring substantive or procedural deficiencies." *Schoenbaum v. E.I. Dupont De Nemours & Co.*, WL 47820822009, at *3 (E.D. Mo. Dec. 8, 2009). At the same time, "courts must be [] scrupulous because preliminary approval establishes an initial presumption of fairness." *Martin*, 295 F.R.D. at

3

383 (internal quotations omitted).

The settlement is preliminarily approved because it appears to be fair and reasonable. The parties propose a total settlement amount of $64,651.01. Ex. 1 at 6, Doc. No. 14. This will be distributed pro-rata to the class members. *Id*. at 21. Each settlement class member will receive a payment based on (1) the number of weeks she worked as an hourly-paid Molex employee, (2) the average rate of pay for class members during the relevant period, and (3) 2.5 minutes of allegedly uncompensated work time per day in each relevant workweek. *Id*. at 25. Damages are capped to the lesser of $500,000 or one percent of the defendant's net worth. 15 U.S.C. § 1692k(a)(2)(B); Ark. Code Ann. § 17-24-512(a)(2)(B). Counsel has indicated that the settlement amount is reasonable and fair, in light of the statutory cap. Ex. 1 at ¶¶ 8, 17. While this case does not appear to be particularly complex, the proposed settlement amount appears reasonable, given the nature of the class claims and in light of the risks, expense, and possible length of continued litigation. *See Smith v. Gurstel Chargo, PA*, 2014 WL 6453772, at *4–5 (D. Neb. Nov. 17, 2014).

C.    Appointing Class Counsel

Class counsel has experience in this type of litigation. Br. Mot. Prelim. Approval at 9, 17; Decl. Chris Burks ¶¶ 8–18. Plaintiff's counsel investigated the class claims, drafted the complaint, and negotiated the settlement agreement. Accordingly, plaintiff's counsel is appointed as class counsel. Fed. R. Civ. P. 23(g).

There is no reason to believe that the proposed settlement agreement was the result

of anything other than an arms-length negotiation.  *See DeBoer v. Mellon Mortg. Co.*, 64

F.3d 1171, 1178 (8th Cir.1995).  Finally, the amount of attorneys' fees to class counsel, Ex.

1 ¶ 5(A),  does not affect the settlement award to the class, as the relevant statutes contain

fee-shifting provisions and because fees to class counsel will not be paid from the settlement

fund.  *See* 15 U.S.C. § 1692k(a)(3); Ark. Code Ann. § 17-24-512(a)(3).

      D.     <u>Notice to Class Members</u>

Next, the proposed class notice is approved as to form and content.  The parties are,

however, directed to fill in the relevant deadlines as set forth in this order.

The mailing of this class notice to the last-known addresses of the class members is

approved.  This mailing satisfies due process and the requirements set forth in Federal Rule

of Civil Procedure 23(c)(2)(B).  *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir.

2015).  Within **thirty days** of the date of this order, class counsel is directed to mail the

notice to members of the class.  Class members have the right to request exclusion from the

settlement, but they must do so within **sixty days** from the day that the notices are

postmarked.  Such requests must be made in writing and include the class member's name,

address, and telephone number.  Further, they are to be sent directly to class counsel at the

address specified in the notice.  Class counsel shall, no later than **seven days** after the

deadline to request exclusion, serve copies of all exclusion requests to defendants and file

a notice containing the names of the individuals who have requested exclusion.

Class members also have a right to file objections to the proposed settlement.

Objections must be filed within **sixty days** from the day that the class notices are postmarked.  Further, the objecting class members shall serve a copy of their objections on class counsel and defendants' counsel at the addresses specified in the notice.  Class members also have a right to attend and to be heard at the fairness hearing.  They may be represented by a lawyer when filing objections or at the fairness hearing, *see* Fed. R. Civ. P. 23(c)(2)(B)(iv), but counsel must enter an appearance prior to the fairness hearing.

Defendants shall promptly distribute the money required by paragraph 10(c) of the settlement agreement to ensure that the class notices are mailed in accordance with the deadlines set forth in this order.  This, however, need not happen until **fourteen days** after the date of this order.  Defendants shall also timely file proof of compliance with the notice requirements of 28 U.S.C. section 1715(b).

Finally, class counsel shall file a petition for fees and costs, consistent with the terms of the settlement agreement, at least **21 days** prior to the hearing.  Defendants shall have **fourteen days** to file a response should they choose to do so.  This petition will be taken up at the fairness hearing.

## II. CONCLUSION

For the foregoing reasons, the parties' joint motion for preliminary approval of the settlement [Doc. No. 13] is granted.  Accordingly, the class is certified for settlement purposes and plaintiff's counsel is appointed as class counsel. The settlement agreement is preliminarily approved, but it is subject to a fairness hearing.

6

IT IS SO ORDERED this 23rd day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE