IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| REBECCA GROSS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br>v.<br><br>MOLEX, LLC,<br><br>    Defendant. | Case No. 4:19-cv-00355-BSM<br><br>District Judge Miller<br>Magistrate Judge Ray |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

This matter, which arises under the Arkansas Minimum Wage Act and the federal Fair Labor Standards Act, comes before the Court for final approval of the Parties' proposed Rule 23 class action settlement and Settlement Agreement. The Parties sought preliminary approval of this proposed settlement and their Settlement Agreement, which was filed with the Court on July 1, 2020, in their Joint Motion for Preliminary Approval of Settlement, Class Certification, and Appointment of Class Counsel and for an Order Scheduling Fairness Hearing and Directing Notice to the Class.[1]  On November 23, 2020, the Court granted preliminary approval of the settlement, certified the class for settlement purposes only under Federal Rule of Civil Procedure 23(b)(3), preliminarily approved the Parties' Settlement Agreement, appointed Plaintiff's Counsel Chris Burks as Class Counsel, approved the proposed Notice to Class Members about the class settlement and directed that notice be timely sent, and scheduled for March 5, 2021 the fairness hearing to determine whether the settlement is fair, reasonable, and adequate.[2]

---

[1] ECF No. 13, 14, 14-1.
[2] ECF No. 15.

Defendant Molex, LLC has notified the Court that, in compliance with the Class Action Fairness Action of 2005 (CAFA), it has served all notices on the appropriate federal and state officials required by CAFA and that more than 90 days have passed since those notices were served.[3] Recently, the Court granted the Parties' request that the fairness hearing be held remotely and directed Class Counsel to provide the information needed to join the videoconference to all class members who request to be excluded from the settlement and any who may object to the settlement.[4] Having now considered the proposed class settlement, the Parties' Settlement Agreement, the Declaration of Class Counsel Chris Burks, all papers filed and proceedings held, and having held a fairness hearing on March 5, 2021, pursuant to Rule 23(e)(2), where no objections to the settlement were made, where all class members had an opportunity to be excluded from or object to the settlement, and where the Court heard from counsel for the Parties, NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Except as otherwise specified, the Court for purposes of this Order adopts all defined terms set forth in the Parties' Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all the Parties to this litigation, including all Class Members in the following Class previously certified for settlement purposes only, except for those Class Members below who have requested to be excluded from the settlement.

3. With the exception of Class Members who have asked to be excluded, the Class is defined as follows:

---

[3] ECF No. 17.
[4] ECF No. 20.

2

>All hourly employees of Defendant Molex, LLC ("Molex"), who worked for the Company at its Arkansas facilities during the period May 16, 2017, to September 16, 2019, who did or could have asserted claims in this Action under the Fair Labor Standards Act ("FLSA") or under the Arkansas Minimum Wage Act ("AMWA") and who have not otherwise released such claims.

4.  Fourteen current or former employees of Molex have requested to be excluded from this class action settlement, namely, Donna Rutherford, Evelyn Nutt, James Kindy, Judy G. Cara, Kathy J. Park, Mamadou Diop, Michael Wright, Shawna Long, Susan Elam, Tim Stain, Tony Nutt, Charles Walker, Bronnie Brinkley, and Damon Zinamon.[5] As such, they will not receive a payment as part of the settlement, they will not waive or release any claims they may have, and they will not be bound by the terms of the Settlement Agreement.

5.  The Notice to Class Members, sent pursuant to this Court's Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

6.  Having held a fairness hearing on March 5, 2021, pursuant to Rule 23(a)(2) and having heard no objections to the Parties' settlement or the Settlement Agreement, the Court hereby grants final approval to the Parties' class action settlement and the terms of their Settlement Agreement. The Court finds that the settlement agreed to is in all respects fair, reasonable, and adequate and is in the best interests of the Class and that it is binding on all Class Members who did not timely request to be excluded pursuant to this Court's Orders, the Settlement Agreement, and the Notice.

---

[5] ECF No. 21

7. Specifically, pursuant to Rule 23(e)(2), the Court finds that this class settlement and the Parties' Settlement Agreement are fair, reasonable, and adequate because: (i) the Class Representative Rebecca Gross and Class Counsel Chris Burks have adequately represented the Class; (ii) the settlement was negotiated at arms-length between experienced counsel representing the interests of the Plaintiff and the Class and Defendant, after thorough factual and legal investigation; (iii) the relief provided for the Class is adequate considering: (a) the costs, risks and delay of trial and appeal, (b) the method for providing such relief is effective (the settlement will be administered by a third-party settlement administrator), (c) the proposed settlement of attorneys' fees and costs and the timing of payment to Class Counsel are reasonable, and (d) the lack of any agreement required to be identified under Rule 23(e)(3); and (iv) the settlement treats the Class Members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(A)–(D).

8. In addition, the Court finds that the Parties' settlement and Settlement Agreement are fair, reasonable, and adequate under this Circuit's factors enunciated in *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140 (8th Cir. 1999), specifically, the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement. *Id.* at 1150-52.

9. The Court further finds that the response of the Class to the settlement supports approval under Rule 23(e) and *Petrovic*. Of the 561 of Class Members who received Notice of the settlement, only fourteen, less than two percent, have asked to be excluded from the settlement, and none have objected to it.

10. The Court also finds that the proposed plan and procedures as set forth in the Parties' Settlement Agreement by which payments are calculated and made to Class Members

are also fair, reasonable, and adequate, and payment shall be made according to those allocations and procedures as set forth in the Settlement Agreement.

11. Having found that the Parties' settlement is fair, reasonable, and adequate and meets the requirements of Rule 23(e)(2), the Court hereby dismisses all claims in this action with prejudice as to each Class Member, except that the claims of the above-identified Class Members who have requested to be excluded from the settlement are dismissed without prejudice.

12. Upon the Effective Date of the Settlement, Molex shall timely comply with all of its obligations under the Settlement Agreement. Molex, however, in no way admits any violation of law or any liability whatsoever to Plaintiff or the Class, individually or collectively, and admits that class treatment is proper only for purposes of settlement and otherwise is improper.

13. Upon the Effective Date of the Settlement, Molex and the Released Parties, as identified in the Settlement Agreement, are hereby released and discharged forever as to all Claims by each and every Class Member, except as to above-identified Class Members who have requested to be excluded from the settlement, as provided for in the Settlement Agreement.

14. Without affecting the finality of this Judgment in any way, the Court retains continuing jurisdiction over this action for the purposes of resolving issues relating to the administration, implementation, and enforcement of the Parties' settlement and their Settlement Agreement.

IT IS SO ORDERED, THIS 5th day of March, 2021.

*Brian S. Miller*
The Honorable Brian S. Miller
United States District Judge
Eastern District of Arkansas

ON BEHALF OF THE PARTIES:

| | |
|---|---|
| Class Counsel: | s/ Chris Burks <br> Chris Burks, Esq. <br> WH LAW, PLLC <br> 1 Riverfront Pl. – Suite 745 <br> North Little Rock, AR 72114 <br> Telephone: (501) 891–6000 <br> chris@whlawoffices.com |
| Counsel for Defendant: | s/ Craig Cleland <br> A. Craig Cleland <br> Georgia Bar No. 129825 <br> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. <br> 191 Peachtree St. NE, Ste. 4800 <br> Atlanta, GA 303030 <br> (404) 881-1300 (telephone) <br> craig.cleland@ogletreedeakins.com <br><br> s/ Liz Washko <br> Elizabeth S. Washko <br> TN BPR # 019931 <br> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. <br> SunTrust Plaza <br> 401 Commerce Street, Suite 1200 <br> Nashville, TN  37219-2446 <br> Telephone:  (615) 254-1900 <br> liz.washko@ogletree.com |